**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000620
30-APR-2018
12:41 PM**

NOS. CAAP-14-0001322 AND CAAP-0000620

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CAAP-14-0001322

CAPITAL ONE N.A.,
Plaintiff/Counterclaim-Defendant/Appellee,
v.
GEORGE P. KLIKA aka GEORGE KLIKA,
Defendant/Counterclaim-Plaintiff/Appellant,
and
UNITED STATES OF AMERICA, Defendant-Appellee

GEORGE P. KLIKA, aka GEORGE KLIKA,
Third-Party Plaintiff/Appellant,
v.
ASSURANT, INC. and VOYAGER INDEMNITY INSURANCE COMPANY,
Third-Party Defendants/Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 13-1-575K)

AND

CAAP-16-0000620

CAPITAL ONE N.A.,
Plaintiff/Counterclaim-Defendant/Appellee,
v.
GEORGE P. KLIKA aka GEORGE KLIKA,
Defendant/Counterclaim-Plaintiff/Appellant,
and
UNITED STATES OF AMERICA, Defendant-Appellee

GEORGE P. KLIKA, aka GEORGE KLIKA,
Third-Party Plaintiff/Appellant,
v.

ASSURANT, INC. and VOYAGER INDEMNITY INSURANCE COMPANY,
Third-Party Defendants/Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 13-1-575K)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., Fujise and Chan, JJ.)

In CAAP-14-1322, Defendant-Appellant George P. Klika aka George Klika (**Klika**) appeals from the "Findings of Fact, Conclusions of Law and Order Granting Plaintiff Capital One N.A.'s Motion for Partial Summary Judgment and Decree of Foreclosure, Filed July 15, 2014" (**FOFs/COLs and Order**) entered on October 31, 2014 in the Circuit Court of the Third Circuit (**circuit court**).[1] In this appeal, Klika argues that the circuit court erred by (1) finding that Plaintiff-Appellee Capital One N.A. (**Capital One**) had standing to bring its foreclosure action, (2) finding that the Loan Modification had been delivered to Klika, (3) incorrectly determining the Unpaid Principal Balance amount due under the Loan Modification, (4) failing to refute Klika's affirmative defenses before granting summary judgment, and (5) granting summary judgment before Klika had completed discovery.

In CAAP-16-620,[2] Klika appeals from the "Order Granting Plaintiff Capital One N.A.'s Motion for Confirmation of Foreclosure Sale, Allowance of Commissioner's Fees and Costs, Distribution of Proceeds, Directing Conveyance, and for Writ of Possession and for Disposal of Personal Property" entered on March 18, 2016 and the "Order Granting Plaintiff Capital One N.A.'s Motion for Determination of Deficiency Amount Including Attorneys' Fees and Costs" entered on August 17, 2016, both in the circuit court. In this second appeal, Klika argues the circuit court erred by (1) entering a deficiency judgment based

_____

[1] The Honorable Ronald Ibarra presided.

[2] This court ordered consolidation of these appeals pursuant to a stipulation by the parties.

on a "void mortgage contract and note," (2) allowing inadmissible hearsay in confirming the foreclosure sale, and (3) finding the foreclosure sale was legally conducted where the Commissioner sent all notices to Klika at the wrong address.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we vacate because there is a genuine issue of material fact regarding Capital One's standing to foreclose.

In Bank of America, N.A. v. Reyes-Toledo, the Hawai'i Supreme Court held in a judicial foreclosure action that in order to establish a right to foreclose, the foreclosing plaintiff must establish standing, or entitlement to enforce the subject note, at the time the action was commenced. 139 Hawai'i 361, 367-70, 390 P.3d 1248, 1254-57 (2017). The holding in Reyes-Toledo is dispositive in this case.

The supreme court stated that a foreclosing plaintiff must typically "prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice." Id. at 367, 390 P.3d at 1254 (citing Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)). Furthermore, "[a] foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage." Id. (citations omitted). The supreme court then expressed that "[a] foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as 'standing is concerned with whether the parties have the right to bring suit.'" Id. (brackets omitted) (quoting Mottl v. Miyahira, 95 Hawai'i 381, 388, 23 P.3d 716, 723 (2001)). The supreme court further stated that "[a]s standing relates to the invocation of the court's jurisdiction, it is not surprising that standing must be present at the commencement of the case." Id. at 368, 390 P.3d at 1255 (citation omitted). In concluding that the foreclosing bank failed to satisfy its burden as the movant for

summary judgment, the supreme court reasoned: "[a]lthough Bank of America produced evidence that it possessed the blank-indorsed Note at the time it sought summary judgment, a material question of fact exists as to whether Bank of America possessed the Note, or was otherwise a holder, at the time it brought the foreclosure action." Id. at 370, 390 P.3d at 1257.

In the instant case, Capital One asserts that Klika's Mortgage and Note, originally executed with Chevy Chase Bank, F.S.B. (CCB), was assigned to Capital One through an Assignment of Mortgage and Note.

On September 30, 2014, Capital One filed its Complaint to Foreclose (Complaint), which asserted in part that "[Capital One] is the current holder of the Note and the Mortgage . . . by virtue of an Assignment of Mortgage and Note[.]" Attached to the Complaint as an exhibit was a blank endorsed Note. Also attached to the Complaint was a "Verification" by Michael Pusateri (Pusateri), which declared that Pusateri was a Senior Unit Manager of Capital One.

On July 15, 2015, Capital One filed its Motion for Partial Summary Judgment and Decree of Foreclosure (MPSJ), and attached, *inter alia*, a "Declaration" by Pusateri.

On August 26, 2014, Capital One filed its "Supplemental Memorandum Regarding [Capital One's] Motion for Partial Summary Judgment and Decree of Foreclosure" (Supplemental Memorandum) and attached an "Affidavit" by Pusateri.[3]

Like the foreclosing plaintiff in Reyes-Toledo, Capital One was granted summary judgment and a decree of foreclosure.

This court reviews the circuit court's grant or denial of summary judgment *de novo*. Querubin v. Thronas, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005).

In U.S. Bank N.A. v. Mattos, also a judicial foreclosure case, one of the issues on appeal was whether

---

[3] Capital One subsequently re-submitted Pusateri's Affidavit as attached to its "Submission of Original Affidavit of Michael Pusateri Re: Supplemental Memorandum Regarding Plaintiff's Motion for Partial Summary Judgment and Decree of Foreclosure."

relevant loan documents had been properly admitted through the declaration of an individual named Richard Work (**Work**), as records of regularly conducted activity under Hawaii Rules of Evidence (**HRE**) 806(b)(6). 140 Hawai'i 26, 28, 30-33, 398 P.3d 615, 617, 619-622. In his declaration, Work attested, *inter alia*, that he was a "Contract Management Coordinator" of OCWEN Loan Servicing, LLC (**Ocwen**), the "servicer" for plaintiff U.S. Bank on the subject loan. Id. at 30-31, 398 P.3d at 619-20. Because Work did not attest that he was the custodian of records for either U.S. Bank or Ocwen, the supreme court noted that "the documents attached to his declaration are admissible under the HRE 803(b)(6) hearsay exception only if he is a 'qualified witness' with respect to those documents." Id. at 32, 398 P.3d at 621. The supreme court applied its analysis in State v. Fitzwater, 122 Hawai'i 354, 365-66, 227 P.3d 520, 531-32 (2010) and ruled as follows:

> To the extent the ICA ruled that Work's declaration established him as a "qualified witness" with respect to Ocwen's records, we agree. To the extent the ICA opinion concluded that Work met the requirements to be a "qualified witness" with respect to U.S. Bank's records, however, we disagree. Fitzwater addresses situations in which one business receives documents created by another business and includes them in its own records. Work's declaration does not indicate that U.S. Bank's Records were received by Ocwen and incorporated into the Ocwen Records. Work's declaration also does not establish that Work is familiar with the record-keeping system of U.S. Bank. Rather, Work merely states that he has access to and is familiar with U.S. Bank's records. Thus Work's declaration does not satisfy foundational requirements to make him a "qualified witness" for U.S. Bank's records pursuant to Fitzwater.

Mattos, 140 Hawai'i at 32-33, 398 P.3d at 621-622 (emphasis added).

In light of its prior ruling in Reyes-Toledo, the supreme court in Mattos further held that:

> [s]ince [an] allonge was apparently used to specifically indorse the note to U.S. Bank, admissible evidence was needed to demonstrate that U.S. Bank was in possession of the note and allonge at the time of the filing of this foreclosure complaint for U.S. Bank to be entitled to summary judgment.

140 Hawai'i at 33, 398 P.3d at 622 (emphasis added). Among other shortcomings, the supreme court noted that Work's declaration did

5

not attest that U.S. Bank possessed the original note and allonge when the foreclosure complaint was filed. Id. The supreme court thus ruled that "Work's declaration failed to meet U.S. Bank's burden of establishing facts necessary for a grant of summary judgment." Id.

In the instant case, the blank endorsed Note was attached to the Complaint, which asserted that Capital One "is the current holder of the Note" by virtue of an assignment. However, as to his qualification for admission of the Note, Pusateri's Verification attached to the Complaint states only that he is a "Senior Unit Manager" for Capital One and that:

> [t]he factual allegations set forth in the Complaint herein as described are true and correct to the best of my personal knowledge to the extent I was personally involved, and otherwise based on information and belief from documents and correspondence kept by Capital One N.A. in the normal course of its business.

Pusateri's Verification does not attest that he is the custodian of records for either CCB or Capital One, and pursuant to the analysis in Mattos, his verification does not establish that he is a "qualified witness" with regard to the Note under the HRE Rule 803(b)(6) hearsay exception. Mattos, 140 Hawai'i at 30-33, 398 P.3d at 619-622, see also Wells Fargo Bank, N.A. v. Behrendt, SCAP-16-0000645, 2018 WL 1325153, at *7-8 (Hawai'i Mar. 15, 2018).

Pusateri's Declaration, attached in support of Capital One's motion for summary judgment, similarly fails to establish that he is either a custodian of records or a qualified witness with regards to the Note. Id.

Finally, Pusateri's Affidavit also fails to qualify him as a custodian of records or qualified witness with regards to the Note. Although Pusateri claims that some of his duties are to "review documents and records that have been made and kept in the ordinary course of Capital One's business and to testify on Capital One's behalf as to the authenticity and validity of these records and documents[,]" and that "[a] document, such as the Note, is the type of document that is regularly made and kept in the regular course of Capital One's business[,]" these assertions

6

do not pass muster under <u>Mattos</u>. Moreover, CCB, not Capital One, is the creator of the Note. <u>Id.</u>

Given the admissible evidence in the record, Capital One failed to demonstrate that it was in possession of the blank endorsed Note at the time this action was commenced.[4] Viewing the facts and inferences in the light most favorable to Klika, as we must for purposes of reviewing a summary judgment ruling, there is a genuine issue of material fact as to whether Capital One was entitled to enforce the subject Note when this foreclosure action was commenced. Thus, under <u>Reyes-Toledo</u>, Capital One has not met its initial burden to show that it was entitled to summary judgment for the decree of foreclosure.

Given that Capital One did not establish its standing to commence this foreclosure action, we need not reach Klika's other points of error in either consolidated case.

THEREFORE, IT IS HEREBY ORDERED that the following, all entered by the Circuit Court of the Third Circuit, are vacated:

(1) "Findings of Fact, Conclusions of Law and Order Granting Plaintiff Capital One N.A.'s Motion for Partial Summary Judgment and Decree of Foreclosure, Filed July 15, 2014," entered on October 31, 2014;

(2) "Order Granting Plaintiff Capital One N.A.'s Motion for Confirmation of Foreclosure Sale, Allowance of Commissioner's Fees and Costs, Distribution of Proceeds, Directing Conveyance, and for Writ of Possession and for Disposal of Personal Property," entered on March 18, 2016; and

(3) "Order Granting Plaintiff Capital One N.A.'s Motion for Determination of Deficiency Amount Including Attorneys' Fees and Costs" entered on August 17, 2016.

---

[4] Although Capital One submitted an attorney affirmation on September 30, 2013, in compliance with Hawaii Revised Statutes § 667-17 (2016), it appears that recently, in <u>Wells Fargo Bank, N.A. v. Behrendt</u>, SCAP-16-0000645, 2018 WL 1325153 (Haw. Mar. 15, 2018), the Hawaiʻi Supreme Court implicitly did not give any evidentiary merit to an attorney affirmation in the record in that case. <u>See</u> <u>Wilmington Savings Fund Soc. v. Rohan</u>, No. CAAP-17-0000433, 2018 WL _____ (Hawaii App. _____, 2018)(Ginoza J., concurring).

NOT FOR PUBLICATION  IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

This case is remanded to the circuit court for further proceedings.

DATED:  Honolulu, Hawaiʻi, April 30, 2018.

On the briefs:

George P. Klika,
Defendant/Counterclaim-Plaintiff/
Appellant, Pro Se.

Sharon V. Lovejoy,
Stephanie E.W. Thompson,
for Plaintiff/Counterclaim-Defendant/
Appellee.

Chief Judge

Associate Judge

Associate Judge